IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

SHERYL TAYLOR,                    )
                                  )
    Plaintiff,                    )
                                  )
vs.                               )
                                  )    No. 2:12-CV-02467-JDT-tmp
MEMPHIS AREA LEGAL                )
SERVICES, INC., et al.,           )
                                  )
    Defendants.                   )

_____

**REPORT AND RECOMMENDATION**
_____

Before the court by order of reference is the defendants' Joint Motion to Dismiss Pursuant to Fed. R. Civ. P. 37 and 41, filed on March 5, 2013, on behalf of all defendants to this action. (ECF No. 127.) *Pro se* plaintiff Sheryl Taylor filed a response in opposition to the motion on March 19, 2013. For the following reasons, it is recommended that the defendants' motion be granted in part and denied in part.

In her amended complaint, Taylor alleges that she sought representation from the defendants, that she was turned down, that she was not referred elsewhere, and that her open records requests were denied. According to Taylor, the fact that the various defendants declined to represent her in a civil proceeding results in liability under a myriad of statutes, amendments, regulations, and theories. On January 30, 2013, the court entered an Order

Partially Granting and Partially Denying Defendant's Motions to Dismiss. (ECF No. 100.) Based on that order, the claims that remain include claims brought under 42 U.S.C. § 1981; 42 U.S.C. § 2000d against the entity defendants (Memphis Area Legal Services, Inc., West Tennessee Legal Services, Inc., Legal Aid Society of Middle Tennessee and the Cumberlands, Legal Aid of East Tennessee, and Community Legal Center); and 45 C.F.R. § 1644 against the entity defendants and defendants Frank Cantrell, J. Steven Xanthopoulous, and Meg Jones in their individual capacities. (Id. at 24-25.)

The instant motion to dismiss does not relate to the merits of the case, but rather to Taylor's conduct during the course of this litigation. The defendants seek dismissal of Taylor's complaint as a sanction for her obstructive behavior. In their motion, the defendants claim that Taylor "has engaged in a pattern of vexatious conduct, filing multiple, groundless motions, notices, and objections." According to the defendants, Taylor's actions constitute "intentional, obstructive tactics that serve no purpose other than to waste the Court's time and resources, as well as that of the Defendants." In arguing for dismissal, the defendants cite numerous motions, notices, and objections that have been filed by Taylor, many of which have been deemed by the court to be duplicative and without merit. The defendants also cite to the multiple warnings this court has issued to Taylor with respect to

her actions.  The most recent of Taylor's allegedly obstructive conduct, and seemingly the one that drove the defendants to file the instant motion, is Taylor's conduct during her deposition on February 21, 2013.  That deposition was terminated because Taylor refused to cooperate with defense counsel, repeatedly made groundless objections, and refused to answer questions.[1]  In response to the defendants' allegations, Taylor contends that the defendants terminated the deposition without any legal basis, and that she was harassed during the deposition by the defendants.  She also reasserts her position that she cannot be properly deposed or adequately represent herself without legal counsel, an argument that she has made in virtually all of her filings.

Defendants move for dismissal under Federal Rules of Civil Procedure 37 and 41 for failure to cooperate in discovery and failure to follow the court's orders.  Fed. R. Civ. P. 37(b)(2)(A) permits the court to impose sanctions, including dismissal of the entire action, if a party "fails to obey an order to provide or permit discovery."  Fed. R. Civ. P. 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  The Sixth Circuit has held that "dismissal is an appropriate sanction where the party's failure to cooperate with

---

[1] A complete copy of the deposition transcript was attached as an exhibit to the defendants' motion.

the court's discovery orders is due to willfulness." Bass v. Jostens, Inc., 71 F.3d 237, 241 (6th Cir. 1995) (citing Brookdale Mill, Inc. v. Rowley, 218 F.2d 728, 729 (6th Cir. 1954)). "A willful violation occurs whenever there is a conscious and intentional failure to comply with the court order." Id. "Dismissal 'is a harsh sanction which the court should order only in extreme situations showing a clear record of delay or contumacious conduct by the plaintiff.'" Shavers v. Bergh, No. 12-1793, 2013 WL 791528, at *2 (6th Cir. Mar. 5, 2013) (quoting Carver v. Bunch, 946 F.2d 451, 454 (6th Cir. 1991)). In determining whether to dismiss an action for failure to cooperate in discovery, courts are to consider: "(1) whether the parties acted with wilfulness, bad faith, or fault; (2) whether prejudice resulted from the discovery violation; (3) whether the party had been warned that her conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or considered." Gray Cas. & Sur. Co. v. Holton, No. 09-2840AV, 2011 WL 679930, at *2 (W.D. Tenn. Jan. 18, 2011); see also Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997); Bass, 71 F.3d at 241; Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990). In order to support a finding of wilfulness, bad faith, or fault, "the plaintiff's conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" Kovacic v. Tyco Valves & Controls,

LP, 433 F. App'x 376, 380 (6th Cir. 2011) (quoting <u>Wu v. T.W. Wang, Inc.</u>, 420 F.3d 641, 643 (6th Cir. 2005)).

The court finds that the first factor weighs in favor of dismissal. During the course of this lawsuit, Taylor has filed numerous motions and "notices," the vast majority of which the court has denied as being without merit. For example, on October 26, 2012, she filed a motion requesting that the court enter an order for United States Attorney General Eric Holder to intervene in this action on her behalf. (ECF No. 56.) On November 26, 2012, she filed a motion for a hearing to determine why numerous lawyers are representing the defendants. (ECF No. 57.) On December 12, 2012, she filed a motion requesting that the court remove attorney David Cook as counsel. (ECF No. 66.) On December 18, 2012, Taylor filed a motion seeking sanctions against defendants Linda Seely and Memphis Areal Legal Services, Inc., because Cook did not appear at the scheduling conference. (ECF No. 70.) On December 28, 2012, she filed a motion requesting that the defendants be ordered to provide an attorney to represent her in this action. (ECF No. 77.) The court denied all of these motions. Furthermore, by order entered on January 29, 2013, the court warned Taylor that she may be sanctioned if she continued to file duplicative motions. (<u>Order Denying Plaintiff's Motion to Appoint Counsel, Motion for Miscellaneous Relief, and Motions to Strike Reply and Granting in Part Plaintiff's Motion to Take Judicial Notice</u>, ECF No. 99.) The

court even defined "duplicative" and explained that she could "seek relief in a motion or file an objection, without risking sanctions, only if she has not already sought the same relief in another motion or filed the same objection." Id. (emphasis in original). On February 14, 2013, however, Taylor filed a motion requesting that the court appoint an attorney to represent her at her deposition and during discovery, even though the court had previously denied her request for appointment of counsel. The court likewise denied this motion. (Order Denying Plaintiff's Motions for Miscellaneous Relief, ECF No. 120.)

The court also has concerns regarding Taylor's motions filed in an attempt to avoid going forward with her deposition. When she did appear for her deposition, Taylor refused to answer basic questions asked by defense counsel, and she repeatedly asserted objections without any legitimate basis. For example, in response to being asked whether she had ever given a deposition before, Taylor repeatedly refused to answer and invoked her Fifth Amendment rights. When asked for her home address, she invoked the attorney-client privilege and Fifth Amendment. When asked about her telephone number, she objected to the relevancy of the question and refused to answer. She refused to answer questions inquiring as to whether she is currently taking any medications, whether she is under a doctor's care for any reason, and her medical condition. She refused to answer questions about other lawsuits that she has

filed *pro se* in this court, invoking the attorney-client privilege. Federal Rule of Civil Procedure 30(c)(2) permits a party to raise objections to questions during a deposition; however, the deponent must still answer the questions. Fed. R. Civ. P. 30(c)(2). A deponent may refuse to answer a question only when necessary to preserve a privilege, to enforce a limitation by the court, or to present a motion under Rule 30(d)(3). In her twenty-page response in opposition to the pending motion to dismiss, Taylor has not provided any justification for invoking her Fifth Amendment rights and attorney-client privilege, and the court is unable to discern from the deposition testimony any basis for Taylor to refuse to answer the questions posed to her.

With respect to the second factor, the court finds that the defendants have suffered prejudice as a result of Taylor's refusal to cooperate with discovery. "A defendant is prejudiced by the plaintiff's conduct where the defendant 'wastes time, money and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" Kovacic, 433 F. App'x at 381 (quoting Harmon v. CSX Transp., Inc., 110 F.3d 364, 368 (6th Cir. 1997)). Here, Taylor's conduct has prejudiced the defendants. The defendants have undoubtedly expended substantial amounts of time and resources in having to respond to Taylor's numerous filings and attempting to obtain discovery from her. With respect the recent deposition, the defendants were prejudiced by Taylor's lack of

cooperation, as she continuously refused to answer questions and raised objections without any legal basis. Therefore, the court finds that the defendants have suffered prejudice as a result of Taylor's refusal to cooperate with discovery.

As for prior warnings, the court has warned Taylor several times that if she continued to engage in obstructive conduct and file duplicative motions, she could be sanctioned and her complaint could be dismissed. On October 29, 2012, the court entered an order in which it "cautioned [Taylor] that the continued filing of duplicative motions and objections to orders may result in sanctions." (<u>Order on Plaintiff's Motions</u>, ECF No. 41.) On December 19, 2012, the court entered an order denying Taylor's motion for sanctions, in which she essentially complained of and objected to several of the court's previous orders. (<u>Order Denying Plaintiff's Motion for Sanctions</u>, ECF No. 71.) In that order, the court again warned Taylor against filing duplicative motions and objections to orders, and reminded her of the possibility of sanctions for failing to comply with that order. As mentioned earlier, on January 29, 2013, the court entered an order in which it explained "duplicative" and cautioned Taylor that she risked sanctions if she continued to file duplicative motions and objections to orders. (ECF No. 99.) Most recently, on February 15, 2013, the court entered an order (1) quashing Taylor's "notice of conflict" with her scheduled deposition, and (2) denying three

of Taylor's motions for miscellaneous relief. (ECF No. 120.) In its order, the court explicitly stated:

> ***Taylor is warned that failure to comply with the court's orders, including failing to appear for her deposition as ordered, shall result in sanctions, which may include reimbursement of defendants' attorney's fees and dismissal of her laws***

Id. (emphasis in original.) Based on these multiple written warnings to Taylor, the court finds that the third factor also weighs in favor of dismissal.

In considering the final factor of whether lesser sanctions have been considered, however, the court believes that dismissal is not appropriate at this time. The court has not previously imposed any less drastic sanctions against Taylor. Although it required great effort on the part of the defendants to depose Taylor as scheduled, she did appear for her deposition. While Taylor refused to answer several basic questions at her deposition in violation of Fed. R. Civ. P. 30, it is unclear whether she would have continued to refuse answering other questions, including questions about the underlying claims in her complaint, because the defendants terminated the deposition about thirty minutes into the deposition.

Accordingly, it is recommended that, to the extent the defendants seek dismissal as a sanction, the motion be denied. Instead of dismissing the complaint, a lesser sanction should be imposed against Taylor. It is recommended that Taylor be required to reimburse the defendants for the costs of the court reporter and videographer who appeared at her deposition. Should the district

judge adopt this recommendation, the defendants should be directed to file a declaration from counsel with supporting invoices showing the costs charged by the court reporter and videographer, within seven days from the date of the order. A separate order will be entered ordering Taylor to reimburse the defendants for those costs.

Finally, it is recommended that Taylor be given a final warning that failure to cooperate in discovery or to comply with court orders shall result in her complaint being dismissed with prejudice.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

May 20, 2013
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(B)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**