IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SHERYL TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 12-2467-T-tmp |
| | ) | |
| MEMPHIS AREA LEGAL | ) | |
| SERVICES, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE
AND
DENYING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION

On March 5, 2013, Defendants filed a motion to dismiss the action pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure based on Plaintiff's alleged "pattern of vexatious conduct, filing multiple, groundless motions, notices, and objections," culminating in her refusal to cooperate in the taking of her deposition [DE# 127]. Plaintiff filed a response to the motion on March 19, 2103 [DE# 129]. The motion to dismiss was referred to Magistrate Judge Tu M. Pham for a report and recommendation [DE# 130].

On May 20, 2013, Magistrate Judge Pham submitted his report and recommendation [DE# 131]. Plaintiff has filed objections [DE# 132].Plaintiff's objections are DENIED, and Magistrate Judge Pham's report and recommendation is ADOPTED in its entirety.

In his report and recommendation, Magistrate Judge Pham extensively detailed

Plaintiff's course of conduct during this lawsuit. He then looked to the standard for determining whether to dismiss an action for failure to cooperate in discovery, i.e., "(1) whether the parties acted with wilfulness, bad faith, or fault; (2) whether prejudice resulted from the discovery violation; (3) whether the party had been warned that her conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or considered," Gray Cas. & Sur. Co. v. Holton, No. 09-2840AV, 2011 WL 679930, at *2 (W.D. Tenn. Jan. 18, 2011), and applied that standard to Plaintiff's conduct.

Magistrate Judge Pham found that the first factor weighed in favor of dismissal based on Plaintiff's filing of numerous non-meritorious motions and "notices" and her refusal to answer even basic questions during her deposition. He also found in favor of dismissal as to the second factor because Defendants have been prejudiced by the amount of time and resources that have been expended in responding to Plaintiff's filings and in attempting to obtain discovery from her. As to the third factor, Magistrate Judge Pham determined that Plaintiff has been warned several times that if she continued to engage in obstructive behavior she could be sanctioned, including dismissal of her complaint.

However, in considering the final factor, Magistrate Judge Pham pointed out that the court has not previously imposed any less drastic sanctions against Plaintiff and, even though Plaintiff was not cooperative at her deposition, she did appear. Therefore, Magistrate Judge Pham recommended that, to the extent that Defendants' motion seeks dismissal of the complaint, the motion be denied and the lesser sanction of requiring Plaintiff to reimburse Defendants for the costs of the court reporter and videographer who appeared at the

2

deposition be imposed. He also recommended that Plaintiff be given a final warning that failure to cooperate in discovery or to comply with court orders would result in the dismissal of the complaint.

Plaintiff's objections to the report and recommendation are without merit and are not grounded in fact or law. She contends that she cannot be deposed without the presence of an attorney, and she reiterates her argument for the appointment of counsel. The court has previously denied Plaintiff's motions for the appointment of counsel and will not revisit that issue in this order. Contrary to Plaintiff's assertion, she does not have "a right to counsel for a deposition." Pl's Obj. at p. 9.

Having carefully reviewed the record, the controlling case law, and the briefs, including Plaintiff's objections, the court agrees with Magistrate Judge Pham's recommendation that Defendants' motion to dismiss be partially granted and partially denied. To the extent that Defendants seek dismissal of the complaint, the motion is DENIED. However, the court will sanction Plaintiff by requiring her to pay the costs charged by the court reporter and videographer. Within seven (7) days of the entry of this order, Defendants should file a declaration from counsel with supporting invoices showing the costs charged by the court reporter and videographer. A separate order will be entered ordering Plaintiff to reimburse Defendants for those costs.

**Plaintiff is hereby WARNED that failure to cooperate in discovery or to comply with court orders will result in the dismissal of the complaint.**

Pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639 (2006), the court

hereby REFERS to Magistrate Judge Pham the management of this case; all pretrial matters in these cases within the Magistrate Judge's jurisdiction pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, including the assessment of the costs of the court report and videographer against Plaintiff; and all other pretrial matters for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

.