IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

SHERYL TAYLOR )
 )
    Plaintiff, )
 )
VS. ) No. 12-2467-JDT-tmp
 )
 )
MEMPHIS AREA LEGAL SERVICES, )
INC., et al., )
 )
    Defendants. )

ORDER ADOPTING REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE ON SANCTIONS

On June 24, 2013, Magistrate Judge Tu M. Pham issued a report and recommendation that Plaintiff be ordered to pay Defendants a total of $503.10 in expenses as a sanction for failing to cooperate in her deposition [DE# 137].[1] Plaintiff has filed objections [DE# 141]. For the reasons set forth below, the report and recommendation is ADOPTED in its entirety.

Plaintiff continues to argue, as she has in her other court filings, that Defendants have failed to comply with various rules of evidences, rules of civil procedure, and rules of this court. She also continues to complain about the court's denial of her request(s) for the appointment of counsel. And, inexplicably she cites the ruling of the Supreme Court in

---

[1] The court previously adopted the Magistrate Judge's report and recommendation on Defendants' motion to dismiss. The order denied the motion to dismiss but sanctioned Plaintiff by requiring her to pay the costs charged by the court reporter and videographer related to her February 21, 2013, deposition and directed Defendants to file a declaration as to the costs that they had incurred [DE# 133].

United States v. Windsor, __ S.Ct. __, 2013 WL 3196928 (2013) (Defense of Marriage Act's definition of marriage is unconstitutional as a deprivation of the liberty of the person protected by the Fifth Amendment), as evidence that the federal courts exhibit racial prejudice. Plaintiff appears to reason that the Supreme Court ruled in favor of the Windsor plaintiffs because Edith Windsor is white.[2]

The court declines to re-visit the issue of whether Defendants have, in fact, violated any rules of evidence or procedure or any rules of this court, as that question is not properly before the court and because the court has previously ruled that there has been no violation by Defendants. However, even if the court were to determine that Defendants had violated any rules or acted improperly, such a determination would not absolve Plaintiff of her obligation to pay the sanctions associated with her own behavior in impeding the progress of this litigation by not cooperating with her deposition. Plaintiff has offered no legitimate reason why she should not be required to pay sanctions in the amount submitted by Defendants.

Having reviewed the record, the controlling case law, and Plaintiff's objections, the court agrees with the decision to sanction Plaintiff in the amount of $503.10, and, therefore, Magistrate Judge Pham's report and recommendation is ADOPTED.

Plaintiff will have thirty (30) days in which to pay $503.10 to Defendants or file a motion asking the court to set a payment plan. Because Defendants have filed a joint

---

[2] There is nothing in Windsor that is applicable to the issue of whether Plaintiff should be ordered to pay Defendants the costs associated with her aborted deposition.

declaration and in the interest of expediency, Plaintiff is directed to pay the entire amount of $503.10 to the law firm of Thomason, Hendrix, Harvey, Johnson & Mitchell, One Commerce Square, 40 S. Main Street, Suite 2900, Memphis, Tennessee 38103-5529 and to enclose a copy of this order with her payment. Defense counsel at the law firm of Thomason, Hendrix, Harvey, Johnson & Mitchell will then disperse the funds in accordance with payments made by the other Defendants.

**Plaintiff is warned that failure to pay the stated amount within thirty (30) days or to file a motion for a payment plan may lead to the dismissal of the action.**

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE