IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| SHERYL TAYLOR, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   No. 12-CV-02467-JDT-tmp |
| MEMPHIS AREA LEGAL | ) |
| SERVICES, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

_____

**REPORT AND RECOMMENDATION**
_____

Before the court by order of reference is the defendants' second Joint Motion to Dismiss ("Second Motion to Dismiss"), filed on August 14, 2013. (ECF Nos. 155 & 156.) Plaintiff Sheryl Taylor, who is proceeding *pro se*, filed a response in opposition on August 28, 2013. For the following reasons, it is recommended that the defendants' motion be granted and the complaint be dismissed with prejudice.

**I. PROPOSED FINDINGS OF FACT**

On June 15, 2012, Taylor filed her complaint and paid the civil filing fee. In her amended complaint, Taylor alleges that she sought free legal representation from various legal aid services, that she was denied representation, that she was not referred elsewhere, and that her open records requests were denied. According to Taylor, the fact that the various legal aid services

declined to represent her in a civil proceeding results in liability under various statutes, amendments, regulations, and theories. On January 30, 2013, the court entered an Order Partially Granting and Partially Denying Defendants' Motions to Dismiss. Based on that order, the claims that remain include claims brought under 42 U.S.C. § 1981; 42 U.S.C. § 2000d against the entity defendants (Memphis Area Legal Services, Inc., West Tennessee Legal Services, Inc., Legal Aid Society of Middle Tennessee and the Cumberlands, Legal Aid of East Tennessee, and Community Legal Center); and 45 C.F.R. § 1644 against the entity defendants and defendants Frank Cantrell, J. Steven Xanthopoulous, and Meg Jones in their individual capacities.

On March 5, 2013, the defendants filed their first joint motion to dismiss ("First Motion to Dismiss"), which sought dismissal of Taylor's complaint as a sanction for her obstructive behavior during the course of this litigation. In their motion, the defendants claimed that Taylor "has engaged in a pattern of vexatious conduct, filing multiple, groundless motions, notices, and objections." According to the defendants, Taylor's actions constituted "intentional, obstructive tactics that serve no purpose other than to waste the Court's time and resources, as well as that of the Defendants." In arguing for dismissal, the defendants cited numerous motions, notices, and objections that had been filed by Taylor, many of which had been deemed by the court to be

duplicative and without merit. The defendants also cited to the multiple warnings that this court had issued to Taylor with respect to her actions. The defendants were perhaps most troubled by Taylor's conduct during her deposition on February 21, 2013. That deposition was terminated because Taylor refused to cooperate with defense counsel, repeatedly made groundless objections, and refused to answer questions. Based on Taylor's conduct, the defendants moved for dismissal under Federal Rules of Civil Procedure 37 and 41 for failure to cooperate in discovery and failure to follow the court's orders.

On May 20, 2013, the undersigned Magistrate Judge submitted a report and recommendation on the First Motion to Dismiss. (ECF No. 131.) Because the findings contained in that report and recommendation are relevant to the court's analysis of the Second Motion to Dismiss, those findings are repeated in full below:

> . . . . In determining whether to dismiss an action for failure to cooperate in discovery, courts are to consider: "(1) whether the parties acted with willfulness, bad faith, or fault; (2) whether prejudice resulted from the discovery violation; (3) whether the party had been warned that her conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or considered." . . .
>
> The court finds that the first factor weighs in favor of dismissal. During the course of this lawsuit, Taylor has filed numerous motions and "notices," the vast majority of which the court has denied as being without merit. For example, on October 26, 2012, she filed a motion requesting that the court enter an order for United States Attorney General Eric Holder to intervene in this action on her behalf. (ECF No. 56.) On November 26, 2012, she filed a motion for a hearing to determine

why numerous lawyers are representing the defendants. (ECF No. 57.) On December 12, 2012, she filed a motion requesting that the court remove attorney David Cook as counsel. (ECF No. 66.) On December 18, 2012, Taylor filed a motion seeking sanctions against defendants Linda Seely and Memphis Areal Legal Services, Inc., because Cook did not appear at the scheduling conference. (ECF No. 70.) On December 28, 2012, she filed a motion requesting that the defendants be ordered to provide an attorney to represent her in this action. (ECF No. 77.) The court denied all of these motions. Furthermore, by order entered on January 29, 2013, the court warned Taylor that she may be sanctioned if she continued to file duplicative motions. (<u>Order Denying Plaintiff's Motion to Appoint Counsel, Motion for Miscellaneous Relief, and Motions to Strike Reply and Granting in Part Plaintiff's Motion to Take Judicial Notice</u>, ECF No. 99.) The court even defined "duplicative" and explained that she could "seek relief in a motion or file an objection, without risking sanctions, <u>only if</u> she has not already sought the same relief in another motion or filed the same objection." <u>Id.</u> (emphasis in original). On February 14, 2013, however, Taylor filed a motion requesting that the court appoint an attorney to represent her at her deposition and during discovery, even though the court had previously denied her request for appointment of counsel. The court likewise denied this motion. (<u>Order Denying Plaintiff's Motions for Miscellaneous Relief</u>, ECF No. 120.)

The court also has concerns regarding Taylor's motions filed in an attempt to avoid going forward with her deposition. When she did appear for her deposition, Taylor refused to answer basic questions asked by defense counsel, and she repeatedly asserted objections without any legitimate basis. For example, in response to being asked whether she had ever given a deposition before, Taylor repeatedly refused to answer and invoked her Fifth Amendment rights. When asked for her home address, she invoked the attorney-client privilege and Fifth Amendment. When asked about her telephone number, she objected to the relevancy of the question and refused to answer. She refused to answer questions inquiring as to whether she is currently taking any medications, whether she is under a doctor's care for any reason, and her medical condition. She refused to answer questions about other lawsuits that she has filed *pro se* in this court, invoking the attorney-client privilege. Federal Rule of

Civil Procedure 30(c)(2) permits a party to raise objections to questions during a deposition; however, the deponent must still answer the questions. Fed. R. Civ. P. 30(c)(2). A deponent may refuse to answer a question only when necessary to preserve a privilege, to enforce a limitation by the court, or to present a motion under Rule 30(d)(3). In her twenty-page response in opposition to the pending motion to dismiss, Taylor has not provided any justification for invoking her Fifth Amendment rights and attorney-client privilege, and the court is unable to discern from the deposition testimony any basis for Taylor to refuse to answer the questions posed to her.

With respect to the second factor, the court finds that the defendants have suffered prejudice as a result of Taylor's refusal to cooperate with discovery. "A defendant is prejudiced by the plaintiff's conduct where the defendant 'wastes time, money and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" Kovacic, 433 F. App'x at 381 (quoting Harmon v. CSX Transp., Inc., 110 F.3d 364, 368 (6th Cir. 1997)). Here, Taylor's conduct has prejudiced the defendants. The defendants have undoubtedly expended substantial amounts of time and resources in having to respond to Taylor's numerous filings and attempting to obtain discovery from her. With respect to the recent deposition, the defendants were prejudiced by Taylor's lack of cooperation, as she continuously refused to answer questions and raised objections without any legal basis. Therefore, the court finds that the defendants have suffered prejudice as a result of Taylor's refusal to cooperate with discovery.

As for prior warnings, the court has warned Taylor several times that if she continued to engage in obstructive conduct and file duplicative motions, she could be sanctioned and her complaint could be dismissed. On October 29, 2012, the court entered an order in which it "cautioned [Taylor] that the continued filing of duplicative motions and objections to orders may result in sanctions." (Order on Plaintiff's Motions, ECF No. 41.) On December 19, 2012, the court entered an order denying Taylor's motion for sanctions, in which she essentially complained of and objected to several of the court's previous orders. (Order Denying Plaintiff's Motion for Sanctions, ECF No. 71.) In that order, the court again warned Taylor against filing duplicative motions and objections to orders, and reminded her of the

possibility of sanctions for failing to comply with that
order.  As mentioned earlier, on January 29, 2013, the
court entered an order in which it explained
"duplicative" and cautioned Taylor that she risked
sanctions if she continued to file duplicative motions
and objections to orders.  (ECF No. 99.)  Most recently,
on February 15, 2013, the court entered an order (1)
quashing Taylor's "notice of conflict" with her scheduled
deposition, and (2) denying three of Taylor's motions for
miscellaneous relief.  (ECF No. 120.)  In its order, the
court explicitly stated:

> ***Taylor is warned that failure to comply with
> the court's orders, including failing to
> appear for her deposition as ordered, shall
> result in sanctions, which may include
> reimbursement of defendants' attorney's fees
> and dismissal of her lawsuit with prejudice.***

Id. (emphasis in original.)  Based on these multiple
written warnings to Taylor, the court finds that the
third factor also weighs in favor of dismissal.

(Id. at 5-9.)  Nevertheless, the court recommended that the complaint not be dismissed at that time, recommending instead that Taylor be required to reimburse the defendants for the costs of the court reporter and videographer who appeared at her deposition.

Taylor filed objections to the report and recommendation.  On June 7, 2013, the District Judge adopted the report and recommendation.  (ECF No. 133.)  The court, in overruling Taylor's objections, noted that "[Taylor] contends that she cannot be deposed without the presence of an attorney, and she reiterates her argument for the appointment of counsel.  The court has previously denied Plaintiff's motions for the appointment of counsel and will not revisit that issue in this order.  Contrary to Plaintiff's

assertion, she does not have 'a right to counsel for a deposition.'" (Id. at 3.) The court directed the defendants to file a declaration from counsel with supporting invoices showing the costs charged by the court reporter and videographer. The order stated "Plaintiff is hereby WARNED that failure to cooperate in discovery or to comply with court orders will result in the dismissal of the complaint." (Id.)

On June 14, 2013, defendants' counsel filed a joint declaration, with supporting invoices, setting forth court reporter charges totaling $230.36 and videographer charges in the amount of $272.74, for a combined total of $503.10 in expenses. On June 23, 2013, the undersigned Magistrate Judge submitted a report and recommendation, finding the charges to be fair and reasonable for the services performed, and recommending that Taylor be ordered to pay the defendants $503.10 in expenses. (ECF No. 137.) On July 5, 2013, Taylor filed objections to the report and recommendation. On July 10, 2013, the District Judge adopted the June 23 report and recommendation. (ECF No. 145.) The court ordered that "Plaintiff will have thirty (30) days in which to pay $503.10 to Defendants or file a motion asking the court to set a payment plan." (Id. at 2.) The court warned Taylor that "failure to pay the stated amount within thirty (30) days or to file a motion for a payment plan may lead to the dismissal of the action." (Id. at 3.)

Taylor did not comply with the court's July 10 order, as she

did not pay the $503.10 in sanctions or file a motion requesting the court to set a payment plan. As a result, on August 14, 2013, the defendants filed their Second Motion to Dismiss. Taylor filed her response in opposition on August 28, 2013. (ECF No. 159.) Taylor's 14-page response raises many of the same arguments contained in her previous filings - none of which are responsive to the Second Motion to Dismiss.[1] Instead of addressing the defendants' arguments, she renews her argument that she is entitled to have counsel appointed to represent her in this litigation:

> The Plaintiff is entitled to counsel and she has a right to counsel when being deposed by the defendants. The Plaintiff is entitled to federal funds and she has a right to federal funds to secure counsel for a deposition. The Plaintiff cannot be properly deposed without counsel. The Plaintiff cannot defeat any joint motion to dismiss without counsel. The Plaintiff cannot properly oppose any form of sanctions without counsel.

(Id. at 12.)

## II. PROPOSED CONCLUSIONS OF LAW

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these

---

[1] For example, her response includes references to: the Dred Scott v. Sandford decision (id. at 2); Justice Sonia Sotomayor's appointment to the Supreme Court (id.); defendants' alleged denial of federal funds to persons of African descent (id. at 3); defendants' and their counsel's own litigation conduct (id. at 3-5); plaintiff's approval for leave under the Family and Medical Leave Act of 1993 (id. at 5.); her disagreement with the court's orders, including orders denying her motions for appointment of counsel (id. at 6-7); her belief that her case should be heard by a jury (id. at 9); and various allegations contained in her complaint (id. at 9-14).

rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 736 (6th Cir. 2008) (quoting Knoll v. AT&T, 176 F.3d 359, 363 (6th Cir. 1999) (brackets and internal quotation marks omitted)). A district court therefore "must be given substantial discretion in serving these tasks." Id. (quoting Knoll, 176 F.3d at 363). However, "[d]ismissal 'is a harsh sanction which the court should order only in extreme situations showing a clear record of delay or contumacious conduct by the plaintiff.'" Shavers v. Bergh, 516 F. App'x 568, 570 (6th Cir. 2013) (quoting Carver v. Bunch, 946 F.2d 451, 454 (6th Cir. 1991)). The Sixth Circuit considers four factors when reviewing a district court's dismissal under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." Richter v. Am. Aggregates Corp., 522 F. App'x 253, 259 (6th Cir. 2013) (quoting Knoll, 176 F.3d at 363); see also United States v. Reyes, 307 F.3d 451, 458 (6th Cir. 2002); Freeland v. Amigo, 103

F.3d 1271, 1277 (6th Cir. 1997); Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990); Ferrell v. Sparkman, No. 4:06-cv-7, 2007 WL 1574279, at *3 (E.D. Tenn. May 29, 2007). In order to support a finding of willfulness, bad faith, or fault, "the plaintiff's conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" Kovacic v. Tyco Valves & Controls, LP, 433 F. App'x 376, 380 (6th Cir. 2011) (quoting Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2005)).

The court should (and does) take into account Taylor's entire conduct during this litigation in deciding the instant motion. The court has previously found, when it considered the defendants' First Motion to Dismiss, that the first three factors weigh in favor of dismissal. (ECF No. 131; ECF No. 145.) Taylor's failure to comply with the court's July 10 order only further supports a finding that these factors weigh in favor of dismissal. "With respect to the first factor, the party seeking to avoid sanctions has the burden of showing that the failure to comply was due to inability rather than willfulness or bad faith." Ferrell, 2007 WL 1574279, at *3. In Ferrell, the court sanctioned plaintiff pursuant to Rule 37 as a result of plaintiff's refusal to answer questions during plaintiff's depositions, and ordered plaintiff to pay $1,575 to defendants, or show good cause why he should not be required to pay or could not pay that amount. Id. at *1.

-10-

Plaintiff did not comply with the court's order, and the defendants filed a motion to dismiss the complaint under Rule 41(b).  Id. at *2.  The court granted the defendants' motion to dismiss based on plaintiff's non-compliance with the sanction order, the prior warnings to the plaintiff, and the court's finding that imposing other sanctions would be ineffective.[2]  Id. at *3.  Similarly, Taylor has not paid the monetary sanction imposed by the court or filed a motion asking the court to set a payment plan.  Moreover, despite filing a lengthy response in opposition to the Second Motion to Dismiss, she has not provided any explanation as to why she has not complied or could not comply with the sanction order. The court finds that Taylor's non-compliance was willful and done in bad faith, and weighs in favor of dismissal.

As for the second factor, Taylor's conduct during this litigation has caused the defendants to waste time, money, and effort.  Schafer, 529 F.3d at 737 (quoting Harmon v. CSX Transp., Inc., 110 F.3d 364, 368 (6th Cir. 1997) and citing Wu, 420 F.3d at 644); Kovacic, 433 F. App'x at 381.  Regarding the third factor, the court has warned Taylor on multiple occasions that her complaint could be dismissed if she failed to comply with the court's orders.  In the July 10 sanctions order, the court warned

---

[2]The court in Ferrell ultimately dismissed the complaint without prejudice to refiling after plaintiff paid the $1,575 sanction to defendants' counsel.  Id. at *4.  As discussed below, the facts of the present case warrant a dismissal with prejudice.

Taylor in no uncertain terms that "failure to pay the stated amount within thirty (30) days or to file a motion for a payment plan may lead to the dismissal of the action."

Finally, the court has previously imposed the less drastic sanction of reimbursement of expenses. The court finds that the sanction of dismissal of the complaint with prejudice is now warranted. Taylor has not paid the monetary sanction or filed a motion asking the court to set a payment plan, nor has she provided any explanation for why she has not complied or could not comply with the order. In addition, she has continuously expressed an unwillingness to prosecute her case without appointed counsel, showing a reckless disregard for the effect of her conduct on these proceedings. (See ECF No. 158, 8/22/13 Motion for Miscellaneous Relief, stating "The Plaintiff cannot defeat or oppose any sanctions without counsel. The Plaintiff cannot litigate this civil action pro se against the defendants that are represented by licensed lawyers."; ECF No. 160, 9/23/13 Notice to the Honorable Court, stating "Without counsel, the legal questions remain unanswered. Without counsel, the interest of the Plaintiff is not protected."; ECF No. 165, 11/8/13 Proposed Pretrial Disclosures Pursuant to F.R.C.P. 26(a)(3)(c), stating "The Plaintiff objects to any deposition testimony conducted by the defendants submitted as evidence due to the fact the Plaintiff was denied counsel, the interest of the Plaintiff was not protected and the Plaintiff could

not be properly deposed without counsel.").

### III. RECOMMENDATION

For the reasons above, it is recommended that the Joint Motion to Dismiss be granted and the complaint be dismissed with prejudice.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

February 4, 2014
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**