# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

SHERYL TAYLOR                    )
                                 )
    Plaintiff,           )
                                 )
VS.                              )          No. 12-2467-JDT-tmp
                                 )
                                 )
MEMPHIS AREA LEGAL SERVICES,     )
INC., et al.,                    )
                                 )
    Defendants.          )

---

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF MAGISTRATE JUDGE FOR DISMISSAL
## AND
## CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH

---

On February 4, 2014, Magistrate Judge Tu M. Pham issued a report and recommendation on Defendants' motion to dismiss this action as a sanction for Plaintiff's failure to abide by the orders of the court. Magistrate Judge Pham has recommended that Defendants' motion be granted [DE# 170]. Plaintiff filed objections to the report and recommendation on February 18, 2014 [DE# 171]. For the reasons set forth below, the report and recommendation is ADOPTED in its entirety.

Magistrate Judge Pham has thoroughly reviewed the history of this litigation as it pertains to the award of sanctions against Plaintiff and the law as it pertains to sanctions, and there is no need for the court to restate those facts or law. As noted by Magistrate Judge Pham, Plaintiff has been repeatedly warned that this matter would be dismissed if she did not

abide by the order to pay Defendants' court reporter and videographer costs associated with her aborted deposition. In none of her filings, including the present objections, has Plaintiff offered any legitimate reason to absolve her of sanctions. Instead, Plaintiff continues to insist that she has a right to appointed counsel and has made it clear that she will not proceed with her lawsuit without counsel.[1]

Plaintiff presented these same arguments in her objections to the report and recommendation that she filed on July 5, 2013 [DE# 141] and in her motion for miscellaneous relief that was filed on August 8, 2013 [DE# 154].[2] The court rejected those argument in its order of July 10, 2013, and its order of August 15, 2013, and rejects them now.

Having reviewed the record, the controlling law, and Plaintiff's objections, the court agrees with the Magistrate Judge's recommendation for dismissal as a sanction. Because the Magistrate Judge thoroughly explained his decision and because an issuance of a more detailed written opinion would be unnecessarily duplicative and would not enhance this court's jurisprudence, the court ADOPTS the report and recommendation for the reasons set forth by Magistrate Judge Pham. Defendants' motion to dismiss [DE# 155] is GRANTED, and the case is hereby DISMISSED.

The court must also consider whether Plaintiff should be allowed to appeal this

---

[1] Plaintiff has misread the holding in <u>Sanders v. Russell</u>, 401 F.2d 421 (5th Cir. 1968), as saying that she has the right to appointed counsel of her choice. Instead, the court held that the plaintiffs had a right to <u>retain</u> counsel of their choice in certain civil rights cases in federal court if those attorneys had proper credentials.

[2] Plaintiff also made these same arguments in her response to Defendants' motion to dismiss [DE# 159].

decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, she must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file her motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed as a sanction but has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit

in the Sixth Circuit Court of Appeals within thirty (30) days.[3]

The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.


 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless she is specifically instructed to do so, Plaintiff should not send to this court copies of documents intended for filing in the Sixth Circuit.